UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PADILLA,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:19-cv-00704-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

    This matter is before the court on claimant's request for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for a period of disability and disability insurance benefits. The court heard argument from the parties on July 23, 2020. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law—and having considered arguments made at the hearing—the court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence in the record and is free of reversible legal error.

    The ALJ found that claimant suffers from two severe impairments—degenerative disc disease of the lumbar spine and diabetes. AR 13. The ALJ found claimant's other impairments non-severe, including claimant's depression and anxiety. Claimant, in his first two arguments, challenges the ALJ's discounting of the opinions of doctors Brown and Feinberg, who evaluated claimant's physical impairments. On appeal, we ask whether the ALJ's decision to discount these doctors' opinions was supported by specific and legitimate reasons. *See Lester v. Chater*, 81 F.3d

821, 830-31 (9th Cir. 1996). Here, the ALJ explained at some length her decisions to discount these doctors' opinions. *See* AR 21. The court finds the justifications offered by the ALJ to be specific and legitimate.[1]

Claimant also faults the ALJ for partially discounting the opinion of psychologist Dr. Yadegar, and not incorporating into claimant's residual functional capacity ("RFC") Dr. Yadegar's finding that claimant had a moderate impairment in dealing with workplace stress. Again, the court asks whether the ALJ's discounting of Dr. Yadegar's opinion was supported by specific and legitimate reasons. *See id.* at 830-31. The ALJ's explanation of why she discounted the opinion of Dr. Yadegar is short: "[T]his one moderate impairment is not consistent with the record as a whole as well as Dr. Yadegar's own examination." AR 22. In this case, however, this statement can be read in conjunction with the paragraph immediately following, in which the ALJ discusses—with specific record citations—the opinions of state agency reviewers who evaluated claimant's mental impairments. *Id.* The ALJ's explanation also builds on the ALJ's detailed summary of Dr. Yadegar's opinion, in which the ALJ identifies a multitude of benign findings by that doctor. AR 20. Considering this context, the court finds that the ALJ's justification for partially discounting the opinion of Dr. Yadegar to be sufficiently specific and legitimate.[2]

For the reasons stated above and on the record at oral argument, the court denies claimant's appeal from the administrative decision of the Commissioner of Social Security. The clerk of court is directed to enter judgment in favor of defendant and against claimant David Padilla. The clerk of the court is directed to close this case.

---

[1] Claimant faults the ALJ for discounting these opinions, at least to some extent, because they came from the workers' compensation context. Criteria used in the workers' compensation context are, as the ALJ notes, different from those applied by the Commissioner, and the court sees no error in the ALJ's pointing this out. However, even if there were some degree of error in the ALJ's emphasis of the workers' compensation context from which these opinions came, the ALJ offers several additional specific and legitimate reasons for discounting these opinions, such as a lack of support in clinical or diagnostic findings, inconsistency with objective findings, and inconsistency with claimant's activities of daily living. *See* AR 21. Even if the ALJ had erred in her discussion of the limited relevance of opinions from the workers' compensation context, her decision to discount these doctors' opinions would still rest on solid ground.

[2] Having found appropriate the ALJ's partial discounting of Dr. Yadegar's opinion, we need not consider claimant's argument that the ALJ erred in failing to include in the RFC limitations based on the discounted portions of Dr. Yadegar's opinion.

IT IS SO ORDERED.

Dated:   July 28, 2020

_____
UNITED STATES MAGISTRATE JUDGE